Stephen M. Lobbin (SBN 181195)
stephen@foundationlaw.com
**FOUNDATION LAW GROUP LLP**
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Tel: 949.636.1391

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Timely Inventions, LLC**, a Delaware limited liability company,<br><br>  Plaintiff,<br><br>  v.<br><br>**Winplus North America, Inc.**, a California corporation,<br><br>  Defendant. | Case No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

For its Complaint, Plaintiff Timely Inventions, LLC ("Timely") hereby alleges as follows:

**JURISDICTION AND VENUE**

1.  This is an action including for infringement under the patent laws of the United States, 35 U.S.C. § 101, *et. seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2.  This Court has personal jurisdiction over Defendant because it is a California corporation and regularly conducts business through places of business in California including in this District, where it has committed the infringing acts alleged herein.

3. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b)-(c) and 1400.

## PARTIES

4. Plaintiff is a Delaware company having its principal place of business in Dover, Delaware.

5. Upon information and belief, Defendant is a California corporation having a principal place of business at 820 South Wanamaker Avenue, Ontario, California 91761.

## CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. 7,861,865)**

6. Plaintiff incorporates by this reference all of the allegations stated in the above paragraphs.

7. Plaintiff is the owner by assignment of U.S. Patent No. 7,861,865 ("the '865 patent") entitled "Packaging Assembly," which duly and lawfully issued on January 4, 2011.  A true and correct copy of the '865 patent is attached hereto as Exhibit A.

8. The '865 patent protects the exclusive right of Plaintiff and its licensees to utilize the claimed inventions without infringement by competitors or their products.  These methods and systems were not routine or conventional, particularly at the time of the claimed inventions.

9. On information and belief, Defendant has made, used, offered for sale, sold and/or imported into the United States products covered by the claims of the '865 patent, and continues to do so.  For example, as shown in Exhibit B, Defendant's "Car Jump Start" product (sold at retailers including Costco) utilizes the inventions claimed in the '865 patent.

10. On information and belief, Defendant has caused, encouraged and aided others, including customers, to directly infringe the '865 patent having full

knowledge of the '865 patent and the specific intent that its acts and the acts of its customers and/or others to directly and/or indirectly infringe the '865 patent.

11. By the acts of making, using, offering to sell, selling and/or importing the accused infringing products, Defendant has directly infringed the '865 patent under 35 U.S.C. § 271(a).

12. By the acts of actively inducing others to infringe the '865 patent, Defendant has infringed the '865 patent under 35 U.S.C. § 271(b).  On information and belief, having knowledge of the '865 patent, Defendant specifically intended for its customers to infringe the '865 patent by using and/or re-selling the accused infringing products.

13. The acts of infringement asserted herein have been and continue to be deliberate and willful, at least since Defendant first learned about the '865 patent.

14. Defendant has derived and received gains, profits and advantages from the aforesaid acts of infringement, and Plaintiff has lost profits and has otherwise been damaged and is entitled to monetary relief in an amount to be determined at trial.

15. The infringement of the '865 patent has caused and continues to cause irreparable harm to Plaintiff, for which there is no adequate remedy at law, and the infringement will continue unless and until it is enjoined by this Court.

## PRAYER FOR RELIEF

Therefore, Plaintiff prays for the following relief:

A. A determination that Defendant has infringed the '865 patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents;

B. An accounting for damages adequate to compensate for the patent infringement under 35 U.S.C. § 284, including Plaintiff's actual damages including lost profits, treble damages, pre-judgment and post-judgment interest, and costs;

1        C.    A determination of willful patent infringement, and that this is an exceptional case, and an award of attorney fees and expenses to Plaintiff under 35 U.S.C. § 285; and

      D.    Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: March 22, 2018      **FOUNDATION LAW GROUP, LLP**

By: /s/ Stephen M. Lobbin
      Attorneys for Plaintiff

# JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b)(1) and (c), and L.R. 38-1, Plaintiff hereby demands a jury trial on all the issues in this action so triable of right by a jury.

Respectfully submitted,

Dated: March 22, 2018 **FOUNDATION LAW GROUP LLP**

By: /s/ Stephen M. Lobbin
Attorneys for Plaintiff